This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAWN R. BRUDEVOLD**,

    Petitioner-Appellant,

v.                                          **NO. 31,000**

**DOUG FULTON**,

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Camille Martinez Olguin, District Judge**

University of New Mexico Clinical Law Program
Barbara Creel
Albuquerque, NM

for Appellant

Goodwin & Bryan, LLP
Elizabeth A. Goodwin
Fairview Park, OH

Armand T. Carian
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

Dawn Brudevold appeals from the district court's order declining to exercise jurisdiction over Brudevold's petition to establish parentage and giving full force and effect to an Ohio judgment awarding custody of the parties' daughter to Fulton. This Court issued a calendar notice proposing to affirm. Brudevold has filed a memorandum in opposition to the Court's proposed disposition. Having given due consideration to Brudevold's memorandum in opposition, we affirm.

In this Court's calendar notice, we proposed to conclude that (1) the district court did not err in giving full force and effect to the Ohio custody order because Brudevold had been provided notice and an opportunity to be heard [CN 2-3], (2) the district court did not err in declining to exercise jurisdiction over Brudevold's petition to establish parentage because Ohio had already exercised jurisdiction in substantial conformity with the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) [CN 3-6], and (3) circumstances of domestic violence do not invalidate an out-of-state custody order pursuant NMSA 1978, Section 40-10A-208 (2001) [CN 6-7].

With respect to our first proposed holding, Brudevold asserts that due process requires that she receive reasonable notice, and that ten days notice was not reasonable. Specifically, Brudevold asserts that the Ohio statute requires fourteen days notice for custody hearings and that her due process rights were violated because

the local rules of the Ohio court were violated. [MIO 4-5] In support of this argument, Brudevold refers this Court to *Wachter v. Wachter*, 439 So.2d 1260 (La. Ct. App. 1983), to argue that failure to provide twenty days notice was held to be unreasonable in *Wachter*. *Wachter*, however, does not address due process. Instead, the court in *Wachter*, held that the Louisiana district court was correct in not enforcing a New Jersey custody order where New Jersey required twenty days notice be provided before a custody hearing and, there, only three days notice had been provided. *Id.* at 1264. Thus, the court in *Wachter* decided that the New Jersey custody order had not been issued in substantial conformity with the New Jersey version of the UCCJEA and, therefore, that the Louisiana district court was correct in not enforcing the New Jersey order. *Id.*

Although Brudevold argues that this case should result in this Court reconsidering its proposed disposition, we disagree. Although the court in *Wachter* held that New Jersey was not in substantial conformity where it gave three days notice instead of twenty, it does not follow that ten days instead of fourteen is similarly egregious so as to render Ohio's decision not in substantial conformity with its version of the UCCJEA.

Moreover, to the extent Brudevold argues that ten days was unreasonable given her financial circumstances, Brudevold has not cited any authority to support her

3

argument that her circumstances rendered the time period constitutionally unreasonable. Instead, we suggest that the remedy available to Brudevold to address her specific circumstances was to request that the hearing be postponed.

With respect to the remainder of our proposed disposition, Brudevold argues that the domestic violence in this case was relevant to a determination of jurisdiction and that New Mexico courts should have exercised jurisdiction over her petition to establish custody. Brudevold's argument is misplaced. Brudevold submitted a petition to establish custody with the New Mexico district court. Even if the New Mexico court had exercised temporary emergency jurisdiction as Brudevold argues, the ultimate custody determination would still have been left to the jurisdiction of the Ohio courts. As this Court pointed out in its calendar notice, "Section 204 only provides for temporary emergency jurisdiction and would not permit the district court to rule on Brudevold's petition for parentage." [CN 4] *See* NMSA 1978, § 40-10A-204(a), (c). Brudevold does not identify any action she expected the district court to take on her behalf, other than to rule on her petition for custody. As such, we find this argument unavailing.

Finally, Brudevold contends that the district court erred in refusing to allow the submission of evidence regarding inconvenient forum before ruling it did not have jurisdiction. In this Court's calendar notice we proposed to conclude that the alleged

4

failure of the district court to properly assess whether it was a more convenient forum was not a basis for reversal, because Brudevold had never asked the Ohio Court to make that determination, and New Mexico cannot determine that it is a more convenient forum unless the home state has declined to exercise jurisdiction. *See* § 40-10A-201(a)(2). In her memorandum in opposition, Brudevold merely argues that the district court did not permit the submission of evidence on this issue. However, Brudevold has failed to point out any legal error with this Court's proposed analysis. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Accordingly, we rely on the reasoning contained in our proposed disposition with respect to this issue.

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

5

**RODERICK T. KENNEDY, Judge**